IN THE TENNESSEE COURT OF CRIMINAL APPEALS
AT KNOXVILLE
Assigned on Briefs January 21, 2016

## STATE OF TENNESSEE v. STEVEAN WILSON

**Appeal from the Criminal Court for Knox County**
**No. 103214     Scott Green, Judge**

_____

**No. M2015-01446-CCA-R3-CD – Filed April 22, 2016**

_____

CAMILLE R. MCMULLEN, J., dissenting.

I dissent from the majority conclusion affirming the trial court's imposition of confinement in this case. The trial court did not engage in *any* findings of fact to support its determination of confinement as required by law. See Tenn. Code Ann. § 40-35-103(1)(A)-(C) (2014) (whether confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; whether confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant); see also Shannon Ann Maness and Daryl Wayne Maness, No. W2012-02655-CCA-R3-CD, 2014 WL 350429, at *16-17 (Tenn. Crim. App. Jan. 23, 2014) (noting that the trial is still required to place on the record its reasons for imposing the specific sentence and remanding for new sentencing hearing because the record did not support the trial court's finding of confinement based on deterrence); State v. Robert Joseph Harr, No. W2011-02735-CCA-R3CD, 2013 WL 5422801, at *10 (Tenn. Crim. App. Sept. 27, 2013) (Tipton, P.J., concurring and dissenting) (noting that he did not believe "our supreme court intended in Bise or Caudle to do away, in wholesale fashion, with Tennessee jurisprudence developed over the last thirty years upon which the Sentencing Act is based and in which the Act's provisions are interpreted").

The Defendant does not have a long history of criminal convictions and, although he had been previously placed on judicial diversion, this is not equivalent to measures less restrictive than confinement that have been frequently or recently applied unsuccessfully. There is nothing in the record that shows his diversion, which was completed in 2013, was violated. At most, the trial court appears to have imposed confinement based solely on deterrence. When determining whether to impose confinement based on deterrence, our supreme court has provided a "non-exhaustive" list

of factors for trial courts to consider, including: (1) whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the State as a whole, (2) whether the defendant's crime was the result of intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior, (3) whether the defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case, (4) whether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective, and (5) whether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions. State v. Hooper, 29 S.W.3d 1, 10-12 (Tenn. 2000). Moreover, "the record must contain some proof of the need for deterrence before a defendant, who is otherwise eligible for probation or other alternative sentence, may be incarcerated." Id. at 9. Finally, "common sense tells us that we may have less ability to deter crimes which are the result of provocation, sudden and extreme passion[.]" Id. Here, the trial court failed to engage in any meaningful analysis of the Hooper factors. There is nothing in the record, other than the trial court's fleeting reference to the video, showing that there are similar crimes in Knoxville or Tennessee as a whole or that the Defendant's incarceration would somehow deter others similarly situated not to commit an aggravated assault. Although the State introduced photos of the Defendant displaying gang signs and a shotgun, there is also nothing in the record showing that he was in fact a gang member, that he participated in past or present criminal gang activity, or that the instant offense was for the purpose of promoting criminal gang activity.

The trial court's inadequate findings of fact and failure to comply with the law are apparent on the record. Ordinarily, I would recommend remanding this case for a new sentencing hearing. However, the trial court denied the Defendant's request for a bond pending appeal, and the Defendant has been in custody since April 10, 2015. Consequently, I would order the Defendant to be released and the remainder of his six-year sentence to be served on probation.

_____
CAMILLE R. McMULLEN, JUDGE